UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY CRAWFORD,

                Petitioner,              Case No. 1:09-cv-1065

v.                                                  Honorable Robert Holmes Bell

MICHIGAN PAROLE BOARD,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner is incarcerated in the Pugsley Correctional Facility. He pleaded guilty in the Ingham County Circuit Court to two counts of first-degree child abuse. On May 20, 2009, the trial court sentenced him to concurrent prison terms of eighteen months to fifteen years. Petitioner's application for habeas corpus relief concerns the denial of his parole by the Michigan Parole Board on June 16, 2009. The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections. *See* MICH. COMP. LAWS § 791.233(e)(5). Petitioner scored as having a high probability of parole under the parole guidelines. The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6). Petitioner's habeas claim is somewhat difficult to decipher, but he appears to claim that his due process rights were violated because: (1) the parole board's departure from the guidelines was unreasonable, and (2) the parole guidelines were illegally promulgated under Michigan law.

**Discussion**

Petitioner claims that the parole board violated his due process rights by failing to provide valid substantial and compelling reasons for departing from the parole guidelines when denying his parole. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest

in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL

734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In addition, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the Sixth Circuit has held that the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). As stated by the Supreme Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1165 n.1 (noting that MICH. COMP. LAWS § 791.235 listed "a large number of factors to be taken into account by the board"). Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. *Carnes*, 76 F. App'x at 80.

Until Petitioner has served his fifteen-year maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to

consider Petitioner for parole, therefore, implicates no federal right.  In the absence of a liberty interest, Petitioner fails to state a claim for a violation of his procedural due process rights.

Petitioner also claims that the parole guidelines were illegally promulgated under Michigan law.  While it's not entirely clear, Petitioner appears to argue that the administrative rules governing the parole guidelines, MICH. ADMIN. R. 791.7710 *et seq.*, were promulgated in violation of legislative oversight provisions of the Administrative Procedures Act (APA).  Petitioner's claim concerns a matter of state law.  This Court's power to grant a writ of habeas corpus only extends to errors in the application of federal law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975).  Habeas relief is unavailable for mere errors of state law and a federal court will not review a state court's decision on a matter of purely state law.  *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Long v. Smith*, 663 F.2d 18 (6th Cir. 1981); *see also Murray v. Bergh*, No. 2:08-cv-49, 2009 WL 2135047 (W.D. Mich. July 16, 2009) (holding that claimed violations of Michigan laws, administrative rules, and procedural rules by the parole board are not, in themselves, cognizable under a petition for habeas corpus).  Consequently, Petitioner's claim is not cognizable for purposes of habeas corpus review.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's

dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated: December 9, 2009 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE